UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INDUSTRIAL & MECHANICAL CONTRACTORS, INC. | CIVIL ACTION |
| VERSUS | NO. 14-513 |
| POLK CONSTRUCTION CORP., ET AL. | SECTION "F" |

ORDER AND REASONS

Before the Court is the defendants' joint motion for summary judgment.  For the reasons that follow, the motion is DENIED.

Background

This litigation arises out of a construction project nonpayment dispute between Polk Construction Corporation as general contractor and Industrial and Mechanical Contractors, Inc. (IMC) as subcontractor.

In March 2011, Our Lady of Lourdes Catholic Church hired Polk as a general contractor to build a new cafeteria.  Polk then subcontracted with IMC for work on the project.  IMC alleges that it provided all services and materials in accordance with the subcontract, but is still owed $264,867.88.

In June 2013, IMC filed a sworn statement of claim and privilege in that amount with the Clerk of Court of St. Tammany Parish.  In March 2014, after still not receiving payment, IMC filed suit in this Court against Polk and its surety, North American Specialty Insurance Company (NAS), seeking recognition of

1

its claim and privilege, compensation for the nonpayment, plus interest, costs, and attorney's fees. The defendants now move for summary judgment.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio., 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. Id. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d

2

646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II.

The Louisiana Private Works Act confers both a statutory claim and a privilege (or lien) to subcontractors against owners and general contractors for payment of the price of their work. La. R.S. 9:4802. A subcontractor may agree to waive these rights and such a provision will be valid and enforceable. Exec. Office Ctrs., Inc. v. Cournoyer, 433 So. 2d 324, 327 (La. App. 4 Cir. 1983). However, a lien waiver provision does not waive the separate and independent right to dissolution of the contract. Shaw Constructors v. ICF Kaiser Eng'rs, Inc., 395 F.3d 533, 544-45 (5th Cir. 2004).

When one party to a contract fails to perform its obligation, the other may dissolve the contract. La. Civ. Code art. 2016; see also La. Civ. Code art. 2022 (providing that "[e]ither party to a commutative contract may refuse to perform his obligation if the other has failed to perform"). "Upon dissolution of a contract,

3

the parties should be restored to the situation that existed before the contract was made." La. Civ. Code art. 2018. The United States Fifth Circuit Court of Appeals has held that a general contractor's nonpayment may entitle the subcontractor to dissolve their agreement, including any lien waiver provision. Shaw Constructors, 395 F.3d at 545.

Here, the defendants contend that IMC waived its lien rights in the written subcontract. Section 14, Paragraph 2 of the subcontract provides:

> Subcontractor additionally waives and releases any right it may have to file and record a lien or statement of claim or privilege arising from any dispute of any kind related to the Work and/or the Subcontract. Subcontractor agrees that the filing of any lien or statement of claim shall be a material breach of this Subcontract, and Subcontractor agrees to pay Contractor for all damages, costs, and attorney's fees incurred by Contractor in causing the cancellation of the lien and/or statement of claim.

Polk and NAS assert that IMC agreed to this provision of the contract and thus that this lawsuit is barred. IMC counters that Polk materially breached the subcontract by its nonpayment, entitling IMC to dissolve the contract and refuse to perform its own obligations.

The Court is persuaded that material facts are in dispute. Even assuming that the lien waiver provision in the subcontract is valid and enforceable, a genuine dispute exists regarding whether Polk breached the subcontract by nonpayment of monies owed to IMC, thereby possibly restoring IMC's lien rights. See Shaw

4

Constructors, 395 F.3d at 545.  Summary judgment is inappropriate on this record.

The defendants' attempts to distinguish Shaw Constructors are unavailing.  Despite their contentions to the contrary, IMC does not seek to apply Shaw Constructors as a blanket prohibition of lien waivers; instead, just as in Shaw Constructors, here, IMC rightly contends that the lien waiver provision in no way affected its independent rights to dissolution and restoration upon Polk's material breach.  Id.  And although the defendants rightly note that Shaw Constructors involved a subcontractor's claims against the third party beneficiary/owner and not the general contractor, that case still stands for the proposition that the promisor has the same rights and defenses available against the third party beneficiary as it does against the stipulator.  Id. at 540-41 (citing La. Civ. Code art. 1982).  Thus, IMC has every right to proceed against Polk as well as its surety.  See La. R.S. 9:4802(E)("A claimant may assert his claim against either the contractor, his surety, or the owner without the joinder of others.").

Accordingly, the motion for summary judgment is DENIED.

New Orleans, Louisiana, June 16, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE