UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| INDUSTRIAL AND MECHANICAL CONTRACTORS, INC. | CIVIL ACTION |
| V. | NO. 14-513 |
| POLK CONSTRUCTION CORP., AND NORTH AMERICAN SPECIALITY INSURANCE CO. | SECTION "F" |

ORDER AND REASONS

Before the Court is defendant's motion to compel arbitration and dismiss or stay the proceedings. For the reasons that follow, the Court GRANTS the motion to compel arbitration and STAYS the proceedings pending arbitration.

Background

This litigation arises out of a construction project nonpayment dispute between Polk Construction Corporation as general contractor and Industrial and Mechanical Contractors, Inc. as subcontractor.

In March 2011, Our Lady of Lourdes Catholic Church hired Polk as a general contractor to build a new cafeteria. Polk then subcontracted IMC to work on the project. The subcontract has an arbitration clause:

> Except as otherwise specifically provided herein, all claims, disputes, and other matters in controversy between Contractor and Subcontractor arising out of or relating to this Subcontract shall be decided by binding arbitration, if the Contractor, in its sole discretion, elects.

1

IMC alleges that it provided all services and materials in accordance with the subcontract, but is still owed $264,867.88.

In June 2013, IMC filed a sworn statement of claim and privilege in that amount with the Clerk of Court of St. Tammany Parish.  In March 2014, after still not receiving payment, IMC filed suit in this Court against Polk and its surety, North American Specialty Insurance Company, seeking recognition of its claim and privilege, compensation for the nonpayment, plus interest, costs, and attorney's fees.

In April 2014, Polk and NAS moved for summary judgment.  This Court denied the motion on June 16, 2014.  Four days later, NAS answered the complaint.  Polk has not yet filed an answer.  Polk now requests that this Court order IMC to arbitrate its claims against Polk and NAS and that this lawsuit be dismissed pending the arbitration, or alternatively, stayed pending the arbitration.

I.

There is a "strong federal policy in favor of enforcing arbitration agreements."  Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985).  The Federal Arbitration Act requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made."  Sedco, Inc. v. Petróleos Mexicanos Mexican Nat'l Oil Co., 767 F.2d 1140, 1147 (5th Cir. 1985).

Although the FAA has emphasized strict enforcement of

2

arbitration clauses and has required any ambiguity to be resolved in favor of arbitration, the right to arbitration can be waived. See Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp., 460 U.S. 1 (1983); Williams v. CIGNA Fin. Advisors, Inc., 56 F.3d 656 (5th Cir. 1995).  "Waiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." Walker v. J.C. Bradford & Co., 938 F.2d 575, 577 (5th Cir. 1991) (internal quotation marks and citation omitted). But in addressing waiver, "[t]here is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." Republic Ins. Co. v. PAICO Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004) (citation omitted).

There is no dispute that the parties agreed to arbitrate the claims IMC asserts against Polk and NAS. The only question is whether Polk waived its right to arbitrate by participating in the litigation and prejudicing IMC by doing so.

A.

IMC contends that Polk has substantially invoked the judicial system by moving for summary judgment. To invoke the judicial process, a "party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." Subway Equip. Leasing

Corp. v. Forte, 169 F.3d 324, 329 (5th Cir. 1999). There is no bright-line test for deciding whether a party has waived its right to arbitration. Rather, "[t]he question of what constitutes a waiver of the right to arbitration depends on the facts of each case." Tenneco Resins, Inc. v. Davy Int'l, AG, 770 F.2d 416, 420 (5th Cir. 1985) (citation omitted).

"A party waives arbitration by seeking a decision on the merits before attempting to arbitrate." Petroleum Pipe Ams. Corp. v. Jindal Saw, Ltd., 575 F.3d 476, 480 (5th Cir. 2009) (citation omitted). IMC relies heavily on In re Mirant Corp., 613 F.3d 584 (5th Cir. 2010). This reliance, however, is misplaced. In Mirant, the party seeking arbitration filed three motions to dismiss, moved for a protective order preventing discovery, and waited eighteen months before moving to compel arbitration. On the other hand, many courts have found that the right to arbitration was not waived when the judicial process had not been "sufficiently invoked." For example, in Tenneco, the Fifth Circuit found no waiver of arbitration where the plaintiff waited almost eight months before moving to compel arbitration and, in the meantime, participated in discovery. 770 F.2d at 420-21.[1] The parties point to no case in

---

[1] Also see the following cases mentioned in Tenneco: Sw. Indus. Import and Export, Inc. v. Wilmod Co., Inc., 524 F.2d 468 (5th Cir. 1975) (seller-mover's participation in settlement discussions and self-help measure of reselling goods in dispute did not amount to waiver of contractual right to arbitrate); Gen. Guar. Ins. Co. v. New Orleans Gen. Agency Inc., 427 F.2d 924 (5th Cir. 1970) (not waiver when moving party filed answer denying liability and

4

this circuit where the filing of a motion for summary judgment, absent more, has amounted to a waiver of arbitration.

Here, Polk has not sufficiently invoked the judicial process as to constitute a waiver of its right to arbitrate. Although Polk and NAS did move for summary judgment, there has been no discovery, and Polk has not filed an answer to the complaint. Cf. PAICO Receivables, 383 F.3d at 344-45 (finding waiver when the party seeking arbitration had been involved in extensive litigation such as counterclaims, full-fledged discovery, including four depositions, and filed two motions to compel discovery, a motion for summary judgment, and a motion in limine); Price v. Drexel

---

counterclaims, attempted to implead parties, and allowed taking of two depositions before demanding arbitration); J. & S. Constr. Co., Inc. v. Travelers Indem., 520 F.2d 809 (1st Cir. 1975) (defendant answered, demanded jury trial, answered interrogatories, permitted depositions, and waited thirteen months to move for stay without waiving right to arbitrate); Hilti, Inc. v. Oldach, 392 F.2d 368 (1st Cir. 1968) (right to arbitrate not waived by answering complaint on merits, participating in extensive discovery, and waiting nearly two years to demand arbitration particularly when defendant had initially moved for dismissal based on arbitration clause and asserted as special defense in its answer that certain claims were arbitrable); Carcich v. Rederi A/B NORDIE, 389 F.2d 692 (2d Cir. 1968) (third-party defendant participated in pre-trial procedures two years before requesting stay without waiving right to arbitration); Am. Dairy Corp. v. Tantillo, 536 F. Supp. 718 (M.D. La. 1982) (defendants filed counterclaim, answered plaintiff's interrogatories, filed interrogatories and motion for production, and waited nine months before filing motion to stay); but cf. Cornell & Co., Inc. v. Barber and Ross Co., 360 F.2d 512 (D.C. Cir. 1966) (defendant waived right to arbitrate when it moved for transfer of venue, filed answer to complaint, counterclaim, and notice of depositions, took deposition of officer of plaintiff's company, and procured production of various records and documents over four-month period before communicating intent to arbitrate).

Burnham Lambert, Inc., 791 F.2d 1156, 1159-62 (5th Cir. 1986) (holding that the party moving for arbitration had waived that right because it had "initiated extensive discovery, answered twice, filed motions to dismiss and for summary judgment, filed and obtained two extensions of pre-trial deadlines, all without demanding arbitration").  Polk's decision to move to compel arbitration only after its unsuccessful attempt at summary judgment, though disfavored by the Court, is not tantamount to waiver of arbitration under the facts of this case because of the strong presumption against a finding of waiver.

B.

IMC adds that Polk's motion for summary judgment and the five months spent in federal court have prejudiced it.  "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position."  In re Mirant, 613 F.3d at 591 (quoting Nicholas v. KBR, Inc., 565 F.3d 904, 910 (5th Cir. 2009)).  The Fifth Circuit has stated that "[t]hree factors are particularly relevant to the prejudice determination: (1) whether discovery occurred relating to arbitrable claims; (2) the time and expense incurred in defending against a motion for summary judgment; and (3) a party's failure to timely assert its right to arbitrate."[2]

---

[2]The Court notes that the inclusion of the time and expense incurred in defending against a motion for summary judgment as a prejudice factor implies that a motion for summary judgment alone may not be sufficient to constitute waiver.

Jindal Saw, 575 F.3d at 480 (quoting PAICO Receivables, 383 F.3d at 346) (internal quotation omitted).

Here, no discovery has occurred. The $7,200 in expenses IMC incurred in defending against the defendants' motion for summary judgment is not insubstantial, but the delay is only a few months. Although there is no precise rule as to how long a party may wait before asserting its right to arbitration, in most waiver cases over a year had passed from the initial filing of the lawsuit. See Phillips Staffing Servs., Inc. v. Spherion Atl. Workforce, LLC, 405-CV-407, 2007 WL 922149 (E.D. Tex. Mar. 23, 2007) aff'd sub nom. Phillips Staffing Servs. Inc. v. Tempay Inc., 268 F. App'x 308 (5th Cir. 2008) (citing Frye v. Paine, Webber, Jackson & Curtis, Inc., 877 F.2d 396, 399 (5th Cir. 1989) (finding the passage of approximately two and a half years contributed to a finding of waiver); Price, 791 F.3d at 1158-59 (finding the passage of seventeen months contributed to a finding of waiver); Miller Brewing Co. v. Forth Worth Distrib. Co., Inc., 781 F.2d 494, 497-98 (5th Cir. 1986) (finding the passage of three and a half years contributed to a finding of waiver)). See also Ryan v. Thunder Restorations, Inc., No. 09-3261, 2011 WL 2680482, at *6 (E.D. La. July 8, 2011) ("[I]n light of the Fifth Circuit's tolerance for delays up to thirteen months, Thunder's delay of four months from the time of its rejoinder is negligible."). Weighing the three factors, the Court finds that IMC has not been prejudiced.

IMC also contends that its legal position has been damaged, because Polk and NAS forced it to disclose factual and legal positions regarding the lien waiver and the validity of its claim. Polk and NAS moved for summary judgment, contending that IMC's lawsuit is barred by a waiver provision in the contract. This Court denied the motion for summary judgment, finding that material facts were in dispute and that IMC had every right to proceed against Polk and its surety. Had the outcome of the motion for summary judgment gone the other way or had IMC achieved a substantive victory through the motion, IMC would certainly have a strong argument that its legal position has been weakened. But here, the Court simply found a dispute of material facts, keeping the litigation alive. That is not a weakening of IMC's legal position. Cf. Nicholas, 565 F.3d at 911 (finding waiver in part because "KBR would be prejudiced by having to re-litigate in the arbitration forum the ERISA issue already decided by the district court in its favor"). Moreover, there is no evidence that IMC's defense of the motion for summary judgment has given it any tactical disadvantage going forward. Cf. In re Mirant, 613 F.3d at 592 (affirming the district court's finding that the nonmoving party was placed in a weaker position than it would have been in had the movant timely moved to compel arbitration, because the movant had filed motions to dismiss that had given it a full purview of the other side's evidence and litigation strategy while

a stay in discovery prevented the other side from obtaining any information about the movant).

Accordingly,

IT IS ORDERED that the defendant's motion to compel arbitration is GRANTED.  The proceedings are STAYED and closed administratively pending arbitration.

New Orleans, Louisiana, October 6, 2014

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE